UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
**michael@samuelandstein.com**

Attorneys for Plaintiffs, Individually
and on behalf himself and all other persons similarly situated

| | |
|---|---|
| Antonio Ventura, on behalf of himself all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiff, | |
| - vs. - | **COMPLAINT** |
| GJUSHI CONSTRUCTION CO., LLC, Arjan Gjushi, and Michael Gjushi, | **COLLECTIVE ACTION** |
| Defendants. | |

Plaintiff Antonio Ventura, by and through his undersigned attorneys, for his complaint against defendants GJUSHI CONSTRUCTION CO., LLC, Arjan Gjushi, Michael Gjushi and Rodolfo Nieves Arjan Gjushi, Michael Gjushi, alleges as follows on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiff Antonio Ventura on behalf of himself and on behalf of other similarly situated current and former employees of the defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from the defendants for overtime work for which the plaintiff did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Mr. Ventura further complains that he is entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiff Antonio Ventura is an adult individual residing in the Bronx, New York.

4. Mr. Ventura consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

5. Defendant GJUSHI CONSTRUCTION CO., LLC is a domestic limited liability company organized under the law of the State of New York (hereinafter referred to as "GJUSHI") with a principal place of business at 1903 Tomlinson Avenue, Bronx, NY 10461.

6. Defendant Michael Gjushi is owner or part owner and principal of GJUSHI.

7. Defendant Arjan Gjushi is owner or part owner and principal of GJUSHI.

8. At all relevant times, defendants Michael Gjushi and Arjan Gjushi were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant GJUSHI, has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief, at all relevant times, defendant GJUSH has had gross revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, defendant GJUSHI has used goods and materials produced in

interstate commerce and has employed at least two individuals who handled such goods and materials.

12. Upon information and belief, defendant Michael Gjushi and Arjan Gjushi are owners or part owners and principals of GJUSHI who have the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Michael Gjushi and Arjan Gjushi were involved in the day-to-day operations of GJUSHI and played an active role in managing the business.

14. Defendants constituted "employers" of Mr. Ventura as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Ventura's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Ventura's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

17.   Pursuant to 29 U.S.C. § 206 and § 207, Mr. Ventura seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 4, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.   The Collective Action Members are similarly situated to Mr. Ventura in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19.   They are further similarly situated in that the defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.   Mr. Ventura and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

21.   The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

22. At all relevant times herein, the defendants owned and operated GJUSHI, a construction company located in the Bronx, New York.

23. Mr. Ventura was employed at GJUSHI from approximately 2012 until May 21, 2021.

24. Mr. Ventura was interviewed by foreman Rodolfo Nieves prior to beginning his employment with the defendants.

25. Mr. Ventura was employed by GJUSHI as a construction worker doing brick work, cement and beams.

26. Mr. Ventura's work was performed in the normal course of the defendants' business, was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27. At all relevant times herein, Mr. Ventura was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. From the beginning of Plaintiff's employment by defendant GJUSHI, until GJUSHI closed because of the Pandemic on March 20, 2020, Mr. Ventura worked six days per week from 7:30 a.m. to 5:00 p.m. during the winter season, November through March.

29. Consequently Mr. Ventura was working 54 hours week in the during that period.

30. During the summer season, April through October, Mr. Ventura's worked with cement once per week, and on those days he worked from approximately 7 a.m. to 7 p.m.

31. Consequently Mr. Ventura worked 57 hours per week in the summer season during that period of his employment by the defendants.

32. From March 20th, 2020, until June 1st, 2020, GJUSHI was closed because of the Covid-19 pandemic.

33. When GJUSHI, reopened June 1 2020, Mr. Ventura's work schedule alternated every other week from six days per week and five days per week.

34. Consequently, Mr. Ventura worked alternately worked 54 per week and 45 hours per week during that period of his employment.

35. Mr. Ventura was paid in cash weekly throughout his employment and received no paystubs or wage statements of any sort with his pay.

36. During 2012, Mr. Ventura was paid $900 per week; during 2013 and 2014 he was paid $1020 per week; during 2015 he was paid $1140 per week; during 2016, 2017 and 2018 he was paid $1200 per week; during 2019 he was paid $1290 per week; during 2020 he was paid $1380 per week; and during 2021 he was paid $1440 per week.

37. Defendants failed to pay Mr. Ventura any overtime "bonus" for hours worked beyond 40 hours in a workweek, in

violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38. Defendants' failure to pay Mr. Ventura the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

39. Defendants failed to provide Mr. Ventura with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

40. Defendants failed to provide Mr. Ventura with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

41. Upon information and belief, throughout both periods of Mr. Ventura's employment, and throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Ventura (the Collective Action Members) in positions at GJUSHI that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

42. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

43. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals have worked shifts exceeding ten hours from start to finish, but were not paid an additional hour of wages at the applicable minimum wage for each such work day.

45. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

46. Upon information and belief, while the defendants employed Mr. Ventura and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

47. Upon information and belief, while the defendants employed Mr. Ventura and the Collective Action members, and through

all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

48. Mr. Ventura, on behalf of himself and all of the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, the defendants employed Mr. Ventura and each of the Collective Action Members within the meaning of the FLSA.

50. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

51. As a result of defendants' willful failure to compensate their employees, including Mr. Ventura and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53. Due to the defendants' FLSA violations, Mr. Ventura and the Collective Action members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

54. Mr. Ventura, on behalf of himself and all of the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Mr. Ventura was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Mr. Ventura's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

57. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to the defendants' New York Labor Law violations, Mr. Ventura and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

59. Mr. Ventura, on behalf of himself and all of the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, Mr. Ventura was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61. Defendants willfully violated Mr. Ventura 's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

62. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

63. Due to Defendants' New York Labor Law violations, Mr. Ventura and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

64. Mr. Ventura, on behalf of himself and all of the Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Mr. Ventura was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Mr. Ventura's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

67. Defendants willfully violated Mr. Ventura's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

68. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Ventura is entitled to recover from the defendant's statutory damages of $250 per day, from 2015 through May 21, 2021, up to the maximum statutory damages.

69. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Ventura is entitled to recover from the defendant's statutory damages of $50 per day from 2015 to May 21, 2021, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Ventura respectfully requests that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant

      to 29 U.S.C. § 216(b), and appointing Mr. Ventura and his counsel to represent the Collective Action Members.

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for the defendants' New York Labor Law violations;

h. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: August 4, 2021

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*